United States District Court
Southern District of Texas
**ENTERED**
June 03, 2024
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| G&G CLOSED CIRCUIT EVENTS, LLC, as Broadcast Licensee of the March 13, 2021, Juan Francisco Estrada v. Roman Gonzalez II WBA/WBC World Superfly Championship Fight Program, § § § § § § Plaintiff, § v. § § KIRBY'S TAVERN INC, individually and d/b/a ON THE KIRB, et al. § § § Defendants. § | CIVIL ACTION NO. 24-875 |

**MEMORANDUM AND ORDER**

This action arises under the Federal Communication Act of 1934. The plaintiff, G&G Closed Circuit Events, LLC, alleges that "Kirby's Tavern," a Houston sports bar and restaurant known as "On the Kirb," unlawfully intercepted and broadcast a boxing match that G&G had the exclusive right to sublicense. Joseph Arbeely, an owner of Kirby's Tavern, has moved to dismiss under Rule 12(b)(6). (Docket Entry No. 8). He argues that G&G's complaint does not support the inference that he was personally involved in the alleged broadcast, or that he is liable for the conduct of Kirby's Tavern that resulted in the broadcast at On the Kirb.

Based on the briefs, the record, and the applicable law, the court denies Arbeely's motion to dismiss. The reasons are set out below.

**I.     Background**

G&G Closed Circuit Events, LLC alleges it held the exclusive right to sublicense the March 13, 2021, boxing match between Juan Francisco Estrada and Roman Gonzalez II. (Docket Entry No. 1 at ¶¶ 1, 7). G&G alleges that instead of purchasing the right to broadcast the match from

G&G, the defendants "willfully intercepted" the satellite transmission and displayed the match for the enjoyment of patrons at On the Kirb, in violation of §§ 553 and 605 of the Federal Communication Act. (*Id.* at ¶¶ 13–15, 18).

G&G sues Kirby's Tavern; ADC Concepts LLC, an alleged owner and operator of Kirby's Tavern; and Arbeely, who admits he was an owner of Kirby's Tavern and of ADC Concepts when the match was broadcast. Arbeely has moved to dismiss.

## II.     The Rule 12(b)(6) Standard

Rule 12(b)(6) allows dismissal if a plaintiff fails "to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). Rule 12(b)(6) must be read in conjunction with Rule 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). A complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Rule 8 "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556).

To withstand a Rule 12(b)(6) motion, a complaint must include "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Lincoln v. Turner*, 874 F.3d 833, 839 (5th Cir. 2017) (quoting *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*,

556 U.S. at 678 (alteration in original) (quoting *Twombly*, 550 U.S. at 557). "A complaint 'does not need detailed factual allegations,' but the facts alleged 'must be enough to raise a right to relief above the speculative level.'" *Cicalese v. Univ. of Tex. Med. Branch*, 924 F.3d 762, 765 (5th Cir. 2019) (quoting *Twombly*, 550 U.S. at 555). "Conversely, when the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should be exposed at the point of minimum expenditure of time and money by the parties and the court." *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (alterations omitted) (quoting *Twombly*, 550 U.S. at 558). A court reviewing a motion to dismiss under Rule 12(b)(6) may consider "(1) the facts set forth in the complaint, (2) documents attached to the complaint, and (3) matters of which judicial notice may be taken under Federal Rule of Evidence 201." *Inclusive Cmtys Project, Inc. v. Lincoln Prop. Co.*, 920 F.3d 890, 900 (5th Cir. 2019).

**III.     Analysis**

Congress enacted the Federal Communication Act to discourage piracy. *G&G Closed Circuit Events, LLC v. El Perron Hot Dogs, LLC*, No. 4:21-CV-03121, 2023 WL 4373023, at *2 (S.D. Tex. July 6, 2023). To prove a violation of the Act, a plaintiff must show that (1) the event was shown in the defendant's establishment and (2) the plaintiff did not authorize the exhibition of the event there. 47 U.S.C. § 605; *Joe Hand Promotions, Inc. v. 152 Bronx, L.P.*, 11 F. Supp. 3d 747, 753 (S.D. Tex. 2014). Sections 553 and 605 of the Communications Act "expressly prohibit assisting third parties in intercepting or receiving unauthorized communications, and have been interpreted to allow an aggrieved person to hold a person individually vicariously liable if he had (1) the right and ability to supervise the unauthorized activities of the establishment in those activities and (2) an obvious and direct financial interest in those activities." *Joe Hand*, 11 F. Supp. 3d at 753 (alterations adopted and quoting reference omitted).

G&G alleges that as an owner and manager of Kirby's Tavern and an officer and owner of ADC Concepts, Arbeely "had a right and ability to supervise the activities of [Kirby's Tavern]," and "had an obvious and direct financial interest in the activities of [Kirby's Tavern]." (Docket Entry No. 1 at ¶ 4). Arbeely argues that these allegations do not support a reasonable inference of vicarious liability because "the waiters, waitresses, bartenders, servers, managers, and staff at [Kirby's Tavern] on [the date of the broadcast] were not Arbeely's employees nor were they otherwise controlled by Arbeely individually." (Docket Entry No. 8 at 3). According to Arbeely, the mere fact that he "possessed a membership interest in Kirby's Tavern and ADC Concepts" does not allow for vicarious liability. (*Id.*).

G&G's allegations state a plausible claim that Arbeely is vicariously liable for the alleged interception and broadcast. As an owner and manager, Arbeely's financial interest in having patrons view the boxing match at Kirby's Tavern is sufficiently "obvious and direct." It is also reasonable at this stage to infer that as an owner and manager, Arbeely had the "right and ability" to supervise employees working at Kirby's Tavern, including the right and ability to determine whether the match would be illegally broadcast at Kirby's Tavern. If, after discovery, the evidence shows that Arbeely lacked this right or ability, the issue may be reurged on summary judgment.

IV.   **Conclusion**

Arbeely's motion to dismiss is denied on the current record. (Docket Entry No. 8).

SIGNED on June 3, 2024, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge